IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSEPH RIPPE,

        Plaintiff,

v.

MICHAEL J. ASTRUE,

        Defendant.

Civil No. 3:11-cv-1019-PK

**FINDINGS AND RECOMMENDATION**

PAPAK, Magistrate Judge:

    Plaintiff Joseph Rippe ("Rippe"), seeks judicial review of the Social Security Commissioner's final decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)).

1 - FINDINGS AND RECOMMENDATION

The Commissioner's motion to remand should be granted for the reasons that follow.

## BACKGROUND

Born in 1986 (Tr. 60), Mr. Rippe alleges disability due to head and hip injuries following an automobile accident. Tr. 101. Mr. Rippe has a high school education (Tr. 106) and no past relevant work. Mr. Rippe applied for benefits on September 26, 2005. Tr. 60.

The Commissioner denied his applications initially and upon reconsideration, and an Administrative Law Judge ("ALJ") held a hearing on April 24, 2008. Tr. 869-97. The ALJ found Mr. Rippe not disabled on June 9, 2008 (Tr. 14-28). Mr. Rippe appealed to this court, and on January 11, 2010, this court remanded the matter back to the Commissioner to reevaluate Mr. Rippe's non-exertional limitations. Tr. 930. The ALJ held a second hearing on August 4, 2010, and again found Mr. Rippe not disabled on September 2, 2010. Tr. 912-27. Mr. Rippe now appeals that decision.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps to determine disability under the meaning of the Act. 20 C.F.R. §§ 404.1520; 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. If the claimant does not have such a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii); 416.909; 416.1520(a)(4)(ii).

At step three, the ALJ determines whether the severe impairment meets or equals an impairment "listed" in the Commissioner's regulations. If it does, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 404.1520(e); 416.920(e); Social Security Ruling ("SSR") 96-8p, available at 1996 WL 1996 WL 374184.

At step four, the ALJ uses this information to determine if the claimant can perform his past relevant work. If the claimant can perform his past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the ALJ finds that the claimant's RFC precludes performance of his past relevant work the ALJ proceeds to step five.

At step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. If the claimant cannot perform such work, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); *Yuckert*, 482 U.S. at 142; *Tackett*, 180 F.3d at 1099.

The initial burden of establishing disability rests upon the claimant. *Yuckert*, 482 U.S. 137, 146 n.5; *Tackett*, 180 F.3d at 1098. If the sequential disability analysis reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d. at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1520(g); 416.920(g); *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ found Mr. Rippe's left hip dysfunction and organic mental disorder "severe" at step two of the sequential proceedings. Tr. 915. He found that these impairments did not meet or equal a listed disorder at step three. Tr. 917. The ALJ assessed Mr. Rippe's RFC:

> I find that the claimant has the residual functional capacity to lift or carry 20 pounds occasionally and 10 pounds frequently. He can stand or walk for no more than two hours in an eight-hour workday. He has no limit in his ability to sit. He should only occasionally engage in climbing, balancing, stooping, kneeling, crouching or crawling. He is limited to simple, routine, repetitive work of no more than three steps with no public contact and only occasional interaction with co-workers. Tr. 918.

The ALJ concluded that Mr. Rippe had no past relevant work at step four, but could perform work in the national economy at step five in the sequential proceedings. Tr. 925. The ALJ therefore found Mr. Rippe not disabled under the Commissioner's regulations. Tr. 927.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of the Soc. Sec. Admin*, 554 F.3d 1219, 1222 (9th Cir. 2009). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray*, 554 F.3d at 1222, *quoting Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The reviewing court, however, may not substitute its judgment for that of the

Commissioner. *Id., citing Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This court, however, may not affirm the ALJ's findings based upon reasoning the ALJ did not express. *Bray*, 554 F.3d at 1225-26, *citing SEC v. Chenery Corp.*, 332 US 194, 196 (1947); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

## DISCUSSION

Mr. Rippe argues that the ALJ improperly evaluated the opinions of three examining physicians, the lay testimony, and the testimony of the vocational expert. These arguments address his closed head injury; Mr. Rippe does not challenge the ALJ's findings pertaining to his hip impairment. Pl.'s Opening Br. 2. Mr. Rippe also asserts that the ALJ erroneously addressed the vocational expert's testimony, Pl.'s Opening Br. 5-7, but the court need not reach this issue because the matter must be remanded for the reasons below.

The Commissioner concedes error regarding the opinions of Drs. Forster, Julien, Kolilis, and the lay witness, but asserts the matter should be remanded for further proceedings. Def.'s Mem. 4. The Commissioner does not explain why the credit-as-true rule fails to establish that Mr. Rippe is disabled. *Id.* at 5-6. Mr. Rippe opposes remand and asks that this court direct an immediate award of benefits. Because the Commissioner concedes error, the following analysis addresses the question of remand only.

### I.    Legal Standards for Remand

The decision whether to remand for further proceedings or for immediate payment of benefits

5 - FINDINGS AND RECOMMENDATION

is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 US 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003), *citing Bunnell v. Sullivan*, 947 F2d 871, 348 (9th Cir. 2003) (en banc). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

**II.      Analysis**

Drs. Forster, Julien and Kolilis made various recommendations.

Dr. Forester recommended that Mr. Rippe receive specialized schooling, with an emphasis

6 - FINDINGS AND RECOMMENDATION

on small classes. Tr. 658.

Dr. Julien specifically stated that Mr. Rippe would be unemployable. Tr. 806. This determination is reserved for the Commissioner, 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). However, Dr. Julien also stated that Mr. Rippe must write everything down, which he forgets to do, and requires accommodations in school such as additional time for projects and tests, testing away from other students to minimize distractions, preferential classroom seating to minimize noise and distractions, access to a teacher's lecture notes, a note taker or recording device to assist in note taking, "mini-breaks" at will when he becomes "hyperfocused," formal study skills training, one-on-one tutoring, and "hands-on help in organizing his approach to learning." Tr. 807. Dr. Julien assessed additional limitations pertaining to the workplace, specifically:

- [Mr. Rippe] will do best working on his own project with minimal interruption but also needs social interaction.

- [Mr. Rippe] will need to focus on 1 thing at a time with variety among his tasks to maintain interest.

- Mini breaks to refresh attention and retain focus . . .

- Offhand oral input doesn't work with him. Don't give him an oral list of things to do. Write things down (i.e. a memo) or be sure he writes your information down. He will do best working from a checklist. Tr. 807.

Dr. Kolilis stated that Mr. Rippe would "probably continue to have difficulty" getting along with coworkers "as he is at risk for exploitation and ridicule," and comprehending and remembering more than simple one-to-two step instructions. Tr. 860.

Finally, lay witness Ms. Hickey stated that Mr. Rippe is easily frustrated, requires one-on-one assistance in learning tasks, and has a short attention span. Tr. 884-86. She also testified that he

becomes shaky and must leave work when experiencing a migraine headache. Tr. 1050-51. Ms. Hickey testified that Mr. Rippe's pace is very slow.

The Commissioner offers no explanation of "outstanding issues" directly pertaining to this evidence which prevents immediate award of benefits. Def.'s Br. 6. However, testimony obtained from vocational experts at both of Mr. Rippe's hearings fails to establish that these limitations direct a finding of disability at step five in the sequential analysis. Specifically, neither the ALJ nor Mr. Rippe's counsel asked the vocational expert to consider a claimant who, in addition to the physical restrictions articulated by the ALJ, requires one-on-one workplace training and supervision, limited distractions, written instructions, and no "off-hand oral input." Tr. 892-96; 1054-57. The record instead shows that neither the ALJ nor Mr. Rippe's counsel solicited vocational expert testimony on any specified mental limitations beyond "simple" work. *Id.* The court is especially frustrated by this failure to solicit relevant testimony in light of Mr. Rippe's two administrative hearings and associated seven year wait for determination of his case.

Though the Commissioner asserts in conclusion that Mr. Rippe previously worked as a stocker, attended community college, and voluntarily quit work for reasons other than disability, this assertion does not establish that the evidence discussed above is insufficient to establish disability. Further, community college attendance and work activity does not, under the Commissioner's own standards, prevent a finding that a young adult is disabled under the Commissioner's regulations. SSR 11-2p, "Documenting and Evaluating Disability in Young Adults, available at 2011 WL 4055665 at *5, 11 (stating that evidence from post-secondary schools may help evaluate impairment severity and noting "many young persons with disabilities have worked").

This court may only remand for benefits when the record before it clearly shows that the

claimant "is, in fact, disabled." *Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9th Cir. 2011). Because the vocational expert did not state that the limitations above direct a finding of disability, this court cannot now reach such a conclusion. *See id.* (disallowing conclusion of disability where ALJ erred and the District Court failed to point to evidence establishing disability under the credit-as-true analysis).

In his opposition to remand for further proceedings, Mr. Rippe does not point to such conclusive evidence of disability, but instead points to various administrative sources. He first cites the Commissioner's administrative ruling addressing "solely nonexertional impairments." Pl.'s Opening Br. 16, 18 (citing SSR 85-15). This ruling applies only to "decisions concerning persons who have only a nonexertional limitation." The ALJ found that Mr. Rippe has several exertional limitations (Tr. 918), which makes this ruling inapplicable to him. SSR 85-15, available at 1085 WL 56857 at *1. It therefore cannot establish that he is now disabled as a matter of law.

Mr. Rippe next points to the Commissioner's administrative ruling addressing claimants restricted to less than a full range of sedentary work. Pl.'s Opening Br. 16, 18 (citing SSR 96-9p, available at 1996 WL 374185). The ALJ restricted Mr. Rippe to lifting and carrying 20 pounds occasionally, and 10 pounds frequently. Tr. 918. This is light work under the Commissioner's regulations. 20 C.F.R. §§ 404.1567(b); 416.967(b). Light work is more than sedentary work, *id.*, and SSR 96-9p is therefore also inapplicable to Mr. Rippe and cannot now establish his disability as a matter of law.

Finally, Mr. Rippe cites the Commissioner's "Programs Operations Manual." Pl.'s Opening Br. 16. This document is not binding upon this court, imposes no judicially enforceable duty, and is an inappropriate citation. *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003). Mr. Rippe

therefore cannot establish disability under its language.

This court therefore regretfully concludes that it cannot find Mr. Rippe disabled based upon the extensive record before it. The matter must be remanded to the Commissioner to obtain vocational expert testimony addressing the limitations identified above. The ALJ must also consider Mr. Rippe's disability under the Commissioner's guidelines pertaining to young adults, as expressed at SSR 11-2p, available at 2011 WL 4055665. Specifically, the ALJ must consider "evidence from school programs, including secondary and post-secondary schools" to evaluate the severity and impact of Mr. Rippe's impairments as a young adult. *Id.* at *5. The ALJ must then make adequate step four and five findings.

## CONCLUSION

For the forgoing reasons, the court should REVERSE the Commissioner's final decision and REMAND this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 19th day of November, 2012.

Paul Papak
United States Magistrate Judge